UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-305-RJC

| JAMES D. JONES, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) ORDER |
| TRACY W. JOHNS, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on initial review of Petitioner's petition for a writ of habeas corpus filed pursuant 28 U.S.C. § 2241. (Doc. No. 1).

I. **BACKGROUND**

On July 24, 2007, Petitioner was indicted by the Grand Jury sitting for the Western District of North Carolina with two counts. (3:07-cr-162, Doc. No. 1). On November 16, 2007, the Grand Jury returned a First Superseding Bill of Indictment wherein Petitioner was charged in Counts One, Two, and Three. (Doc. No. 45). Count One of the superseding bill of indictment charged Petitioner and others with possession with intent to distribute at least 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count Two charged Petitioner alone with a separate count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D) and 18 U.S.C. § 2. (Id. at 1-2). Count Three charged Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Id. at 2).

On November 26, 2007, Petitioner entered into a Plea Agreement with the Government wherein he agreed to plead guilty to Counts One and Three in the superseding bill of indictment in return for the Government's agreement to dismiss Count Two. (Doc. No. 48: Plea Agreement

1

at 2). On March 17, 2009, Petitioner appeared with counsel before the Court for his sentencing hearing. Following a review of the presentence report, and after hearing from the parties and counsel, the Court sentenced Petitioner to concurrent terms for conviction of Count One and Count Three in the superseding bill of indictment. The Court entered Judgment on March 30, 2009, and Petitioner did not file an appeal. (Doc. No. 85: Judgment in a Criminal Case).

Rather, some two years later, Petitioner filed a petition under 28 U.S.C. § 2241. (3:11-cv-305, Doc. No. 1). Petitioner contends that he is currently incarcerated in the Federal Bureau of Prisons ("BOP") in Butner, North Carolina, in the Eastern District of North Carolina. (Doc. No. 1-1 at 1). Plaintiff cites the Second Chance Act of 2007 and claims that the Court should:

> GRANT this Writ of Habeas Corpus and ORDER the BOP in good faith to consider Petitioner on an individualize [sic] basis using the five factors set forth in 18 U.S.C. § 3621(b) plus take into account the language in 18 U.S.C. § 3624(c)(6)(C) granting him the maximum amount of time in the RRC to provide the "greatest likelihood of successful reintegration into the coummunity." § 3624(c)(6)(C).

Doc. No. 1 at 18) (emphasis in original).

See the Second Chance Act of 2007, Pub. L. No. 110-199, § 251, 122 Stat. 657 (2008) ("SCA").

## II.    STANDARD OF REVIEW

Section 2243 directs the Court to examine a Section 2241 application for writ of habeas corpus and either award the relief requested or order the Government to file a response "to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled" to relief. 28 U.S.C. § 2243. The Court concludes that because it is plain from Petitioner's Section 2241 petition that he has failed to exhaust mandatory administrative procedures, or even to begin such administrative procedures, the Section 2241 petition will be denied and dismissed. Accordingly, no response is necessary from the Government.

2

**III.    DISCUSSION**

The Respondent is the Warden of FCC Butner, a BOP facility which houses Petitioner and is located in the Eastern District of North Carolina. Petitioner was convicted in the Western District and sentenced by the Honorable Frank D. Whitney in March 2009. In his § 2241 petition, Petitioner cites the Second Chance Act of 2007 which provides that qualified federal prisoners can be eligible for placements in a halfway house from 6 to 12 months prior to their projected release from the BOP. See 18 U.S.C. § 2624(c)(6)(C). It is proper for Petitioner to file a Section 2241 petition to challenge a decision of the BOP to limit or deny his placement in a residential re-entry center ("RRC"). Provided, however, before a district court may entertain such a challenge, the Petitioner must first demonstrate that he has exhausted his administrative remedies. See Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam).

In his Section 2241 petition, the Petitioner expressly admits that he has not only failed to exhaust his administrative remedies under the SCA, but that he has failed to even participate in any administrative procedures with the BOP. In a section 2241 case, the exhaustion of administrative procedures is a jurisdictional requirement. See United States v. Wilson, 503 U.S. 329, 335 (1992); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam).

Petitioner takes great pains to explain, step by step, the administrative procedures in which he must participate, and then goes on to ask that his participation be excused because it would be futile. (Doc. No. 1 at 9-11, 14: "Petitioner's failure to exhaust administrative remedies should be excused due to futility."). Petitioner generally contends that his participation in the administrative procedure would provide the BOP with opportunity upon opportunity to delay an ultimate decision regarding pre-placement in a RRC. Petitioner "asserts that he should be

excused from exhausting the administrative remedies, or better said, excused from even attempting to 'tilt at the administrative windmills,' because the adoption of Mr. Lappin's statement by the underlings at the BOP clearly demonstrates that the effort would be futile." Id. at 11 (citing Howard v. Ashcroft. 248 F. Supp. 2d 518, 533 (M.D. La. 2003)). Petitioner explains that Mr. Lappin is the "top person in the BOP," (id. at 10), and that Mr. Lappin has made statements which tend to show the BOP's attitude that inmates are not benefitting from pre-placement stays of longer than 6 months. (Id. at 7). Of course, Petitioner would prefer the maximum amount of time in a pre-placement in an RRC, rather than remained confined in his present federal detention facility.

As the Court has explained, exhaustion of administrative remedies is jurisdictional. Petitioner has admittedly refused to participate in the administrative procedure. In an effort to find placement in an RRC he has tried to side-step the exhaustion requirement through the administrative process in the BOP by petitioning the Court for an Order which excuses him from any participation in the administrative process. The Court notes that, upon application, the SCA requires the BOP to "make an individual determination that ensures that the placement 'is of sufficient duration to provide the greatest likelihood of successful reintegration into the community.'" (Vasquez v. Strada, --- F.3d ---, 2012 WL 1963359, at *1 (3rd Cir. 2012) (citing 18 U.S.C. § 3624(c)(6)(C)). However, absent an application from Petitioner, the BOP can hardly follow the provisions of the law and conduct any meaningful pre-placement analysis.

The Court finds that Petitioner has failed to exhaust his administrative remedies and he has not shown any proper reason to excuse his participation in the administrative process. Accordingly, this Court lacks subject matter jurisdiction to entertain his Section 2241 petition and to thereafter grant him any relief. Petitioner's Section 2241 petition will be dismissed

4

without prejudice to his ability to re-file upon exhaustion of his administrative remedies under the SCA.

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition filed pursuant to 28 U.S.C. § 2241 is **DENIED without prejudice**. (Doc. No. 1).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge